```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                   SOUTH BEND DIVISION
```

KEVIN SMITH,                           )
                                       )
Plaintiff,                             )
                                       )
vs.                                    )   CAUSE NO. 3:13-CV-1013
                                       )
INDIANA DEPARTMENT                     )
OF CORRECTION                          )
and CORIZON HEALTH SERVICES,           )
                                       )
Defendants.                            )

## **OPINION AND ORDER**

Kevin Smith, a *pro se* prisoner, filed a complaint in LaPorte Circuit Court which was removed to this court. (DE #1, #2.) For the reasons set forth below, the federal claims contained in the complaint (DE #1) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A. The case is **REMANDED** to LaPorte Circuit Court for further proceedings.

BACKGROUND

Kevin Smith, a *pro se* prisoner, filed this action in LaPorte Circuit Court against Indiana Department of Correction ("IDOC") and Corizon Health Services, Inc. ("Corizon"). The case was removed by Corizon on September 19, 2013.[1] (DE #2).

---

[1] There is no indication IDOC has been served in the underlying state case, and it did not join in the notice of removal. (*See* DE #2-2.) Although generally all defendants must consent to removal, defendants who have not been served need not join in a removal petition. *See City Of Yorkville ex rel. Aurora Blacktop*

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, the plaintiff alleges that he was attacked by another inmate while housed at the Indiana State Prison ("ISP"), causing him to suffer burns over part of his body. He further alleges that

---

*Incorporated v. American Southern,* 654 F.3d 713, 716 (7th Cir. 2011).

2

medical staff at the prison did not provide him with proper medical care after the attack. He does not sue any individuals involved in these events, however, and instead names as the sole defendants IDOC and Corizon, the corporate entity which employs medical staff at the prison. He alleges that IDOC failed to take adequate precautions to protect him from the attack, and that Corizon failed to provide him with adequate medical care for his injuries in violation of his rights under state and federal law. He seeks $750,000 in compensatory and punitive damages.

Upon review, the plaintiff's federal claims cannot proceed. The IDOC cannot be sued for damages in federal court, because as a state agency it enjoys Eleventh Amendment immunity. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987). Additionally, a state agency is not a "person" under 42 U.S.C. § 1983, and thus cannot be sued for constitutional violations under that statute. *See Ill. Duneland Preserv. Soc'y v. Ill. Dep't of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009).

Furthermore, it is apparent that the plaintiff is trying to hold the defendants liable because they employed the individuals involved in these events, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees'

deprivations of others' civil rights."). A private company performing a state function can be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). Here, however, the plaintiff does not allege, nor can it be plausibly inferred, that Corizon had an unconstitutional practice or policy that caused his injury. Instead, his claim is that individual medical staff made poor decisions in providing him care after the attack. For these reasons, the plaintiff's federal claims must be dismissed.

The plaintiff also asserts a number of state law claims, but because the federal claims are being dismissed, the court will remand these claims to state court for further proceedings. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).").

CONCLUSION

For these reasons, the federal claims contained in the complaint (DE #1) are **DISMISSED WITH PREJUDICE** pursuant to 28

4

U.S.C. § 1915A. The case is **REMANDED** to LaPorte Circuit Court for further proceedings.

**DATED: September 26, 2013**         /s/RUDY LOZANO, Judge
                                      United States District Court